# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:19-CV-00332-GCM

| | |
|---|---|
| **KIMBERLY PEVAROFF,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **ANDREW M. SAUL,** | |
| **Defendant.** | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment (ECF Doc. 9) and Defendant's Motion for Summary Judgment (ECF Doc. 11), as well as the parties' briefs and exhibits.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment; deny Defendant's Motion for Summary Judgment; reverse the Commissioner's decision; and remand this matter for further proceedings consistent with this Order.

## I.      FACTUAL BACKGROUND

The facts relevant to this case relate to the residual functional capacity ("RFC")[1] assessment of the Administrative Law Judge ("ALJ")—specifically the ALJ's findings regarding

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Plaintiff's mental capacity.  The ALJ explained that, due to Plaintiff's depression and anxiety, she "can only perform and maintain concentration for simple, routine, repetitive tasks, can adapt to routine changes, and can have no more than occasional interaction with the general public, co-workers, and supervisors."  ECF Doc. 8-1 at 18, 22.  The ALJ found that "this conclusion is supported by the treatment records, the objective findings on examinations, and the diagnostic techniques."  *Id.* at 22.  The ALJ also noted that his conclusion was "supported by the claimant's reported activities of daily living."  *Id.*

In making this finding, the ALJ relied heavily on the opinions of two State Agency ("SA") psychologists.  *Id.* at 24.  The first SA psychologist, Dr. Bonny Gregory, found that Plaintiff "may have difficulty with a highly social job environment due to her issues with anxiety, but that she seemed capable of relating well to others (i.e. co-workers and supervisors) on a one on one basis." *Id.* at 24; *see also id.* at 81.  The ALJ gave her opinion great weight because it was generally consistent with the RFC, supported by medical signs and findings, and consistent with other evidence on the record.  *Id.* at 24.  The second SA psychologist, Dr. Jennifer Fulmer, indicated similarly in that Plaintiff may have difficulty in highly social job environments, but she seemed capable of relating well to others, such as coworkers and supervisors, in a one-on-one basis.  *Id.* at 24, 99.  Dr. Fulmer further noted that Plaintiff would need a low-stress setting.  *Id.*  Again, the ALJ gave her opinion great weight because it was generally consistent with the RFC, supported by medical signs and findings, and consistent with other evidence on the record.  *Id.* at 24.

In making his findings, the ALJ also gave the opinion of Dr. James Edward Lee little weight.  *Id.*  Dr. Lee found moderate to marked difficulties in Plaintiff's social interaction abilities. *Id.* at 25, 710.  The ALJ found that Dr. Lee's opinions were not well supported by medically clinical findings, not consistent with other evidence on the record, not consistent with the

examiner's own clinical observations, and not consistent with Plaintiff's benign clinical presentations and conservative treatment. *Id.* at 25.

After finding that Plaintiff could not perform her past relevant work, the ALJ asked the vocational expert whether jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. *Id.* at 27. The vocational expert testified that there would be work in the national economy falling with the parameters given, including the assumption that the person "could only perform and maintain concentration for simple, routine, repetitive tasks, that she could only adapt to routine changes, and the she could have no more than occasional interaction with the general public, coworkers, and supervisors." *Id.* at 67–68. The ALJ determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles and that other work existed in significant numbers in the national economy. *Id.* at 27. Therefore, the ALJ determined that a finding of "not disabled" was appropriate. *Id.* Any other relevant facts are included in the discussion section below.

## II.     PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs. Plaintiff filed the present action on November 26, 2019. In her Motion for Summary Judgment, Plaintiff argues that the ALJ failed to resolve conflicts between two SA psychological consultants upon which she gave great weight. According to Plaintiff, this failure to resolve conflicts does not allow the Court to meaningfully review the ALJ's RFC assessment and, therefore, the Commissioner's decision is not supported by substantial evidence. Moreover, Plaintiff argues the ALJ erred in failing to include all relevant mental limitations in the RFC assessment or the hypothetical provided to the

vocational expert without explaining why he decided to exclude certain limitations and, therefore, the ALJ's conclusion that Plaintiff is able to do other work is not supported by substantial evidence.

### III.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); see also *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, the Fourth Circuit noted that "[s]ubstantial evidence has been defined as being 'more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson*, 402 U.S. at 401); *see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see*

*also Smith v. Schweiker*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775.  Indeed, this is true even if the reviewing court disagrees with the outcome, so long as there is "substantial evidence" in the record to support the final decision below.  *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV.  DISCUSSION

The question before the ALJ was whether Plaintiff became disabled at any time.[2]  A five-step process, known as sequential review, is used in determining whether a Social Security claimant is disabled.  A disability claim is evaluated pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the RFC to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v).  In this case, the ALJ determined Plaintiff was not disabled at Step Five in the sequential evaluation process.  Plaintiff argues the ALJ erred in Steps Four and Five of the sequential review.

The Court begins analysis by asking whether the RFC assessment is insufficient to form the basis of the disability decision where the ALJ allegedly failed to reconcile two opinions upon

---

[2] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

which he gave great weight.  There is no dispute here regarding the ALJ's physical RFC assessment, but Plaintiff argues the mental RFC assessment is not supported by substantial evidence.  An ALJ should discuss the evidence and build an accurate and logical bridge from the evidence to his conclusion.  *Monroe v. Colvin*, 826 F.3d 176, 189–91 (4th Cir. 2016).  Remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

Here, Plaintiff points out that the ALJ placed great weight on the opinions of two SA psychologists who both found the Plaintiff was only capable of relating to others, such as co-workers and supervisors, on a one-on-one basis.  One of the four broad functional areas rated in a social security decision is an individual's ability to "interact with others."  20 C.F.R. § 404.1520a(a)(3)–(4).  While the ALJ briefly explained his reasons for giving little weight to the opinion of Dr. James Edward Lee, he offered no explanation of why he gave great weight to the SA psychologist opinions but failed to accept the SA psychologists' opinions in full.  *See* ECF Doc. 8-1 at 24–25.  The ALJ's RFC assessment limited Plaintiff to occasional interaction with the general public, co-workers, and supervisors without addressing why he chose not to limit Plaintiff to one-on-one interaction.  *Id.* at 18.

Similarly, Plaintiff claims the ALJ's RFC assessment failed to account for Dr. Fulmer's opinion that Plaintiff needed to work in a low-stress work environment—a SA psychologist opinion on which the ALJ placed great weight.  *Id.* at 24.  The ALJ's analysis does not address Dr. Fulmer's opinion that Plaintiff should be limited to a low-stress work environment and frustrates meaningful review.  The ALJ's RFC assessment is not supported by substantial evidence.

Plaintiff further alleges the ALJ erred at Step Five. Because the RFC assessment is not supported by substantial evidence, the Court need not address whether the ALJ erred at Step Five.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## V. ORDER

**IT IS THEREFORE ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (ECF Doc. 9) is **GRANTED**; Defendant's "Motion for Summary Judgment" (ECF Doc. 11) is **DENIED**; and the Commissioner's decision is **REVERSED**. This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. §405(g).[3]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: March 29, 2021

Graham C. Mullen
United States District Judge

---

3 Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. at 625.